No. 36,039

O. C. HERDMAN, Assignee of the Receiver of the Industrial Mutual Liability Insurance Company, *Appellant,* v. J. C. EUBANK, doing business as Eubank Oil Company, *Appellee.*

(146 P. 2d 387)

Opinion filed March 4, 1944.

*Richard A. Hickey,* of Liberal, argued the cause, and *Collis R. Harner,* of Dodge City, and *B. V. Hampton,* of Pratt, were on the briefs for the appellant.

*George Barret,* of Pratt, argued the cause for the appellee.

The opinion of the court was delivered by

Hoch, J.: This was an action to collect an assessment on a policy in an insolvent mutual insurance company. The defendant prevailed and the plaintiff appeals. The primary question is whether the trial court's finding that the plaintiff had not sustained the burden of proof constitutes reversible error.

The action was begun before a justice of the peace in Pratt county, where the defendant resided. The allegations of the bill of particulars may be summarized as follows:

That J. C. Eubank, the defendant, was a motor carrier of gasoline, doing business as the Eubank Oil Company; as such carrier he became a policyholder in the Industrial Mutual Liability Insurance Company in April, 1939; his policy, covering public liability, was deposited, as provided by law, with the state corporation commission.

That the company became insolvent, and in an action instituted in Sedgwick county by the attorney general was placed in receivership in March, 1940, and that John I. Dotson was appointed receiver and proceeded to wind up the affairs of the company.

That the company's policies, including the one to Eubank, carried the following provision:

"The insured agrees to pay, if assessed, an additional amount equal to but not in excess of the premium charged, herein, provided, however, the insured shall not be liable for any assessment unless the same is demanded *within one year after the termination,* either by natural expiration or cancellation of this policy." (Italics supplied.)

That in April, 1940, the receiver was directed to levy a full policy assessment and that he levied an assessment against Eubank for the full amount of the annual premium, to wit, $373.20, and within ten days thereafter notified Eubank of such levy.

That such assessment upon Eubank's policy was "demanded within one year after the termination, either by natural expiration or cancellation" of said policy.

That said assessment was not paid by Eubank up to and including March 18, 1942, and that on that date the plaintiff, O. C. Herdman, bought from the receiver Dotson all uncollected assessments on the policies of the company, such sale being made under order of the district court of Sedgwick county.

That the assignment made to plaintiff by the receiver in accord-

ance with such order and sale included an assignment of the amount of $373.20 owed by Eubank, under said assessment.

That Eubank had failed and refused to pay such assessment, although demands therefor had been duly made.

Lastly, plaintiff waived claim to $73.20, thus reducing the claim to $300, in order to bring the action within the jurisdiction of the justice of the peace.

Various exhibits purporting to support the allegations were attached.

In his bill of particulars, filed in district court, to which appeal had been taken, Eubank denied, generally and specifically, the indebtedness; denied that any demand had been made upon him for payment of any assessment on any insurance policy; that he had any policy of insurance in his possession; that any person was his agent in connection with any insurance.

The action went to trial on April 9, 1943, jury was waived, and evidence by both sides was received. At the conclusion of all the evidence defendant moved for judgment on the ground, first, that the plaintiff was not the real party in interest, and second, that he had failed to prove facts sufficient to establish a cause of action. On July 30, 1943 judgment was entered for the defendant on the second ground, *supra*. This appeal followed.

Prior to the formal entry of judgment the trial court submitted a memorandum opinion in which it reviewed the contentions at some length and ruled on both grounds asserted in defendant's motion. On the first ground it held with the plaintiff. On the second ground it held with the defendant and discussed the question at considerable length. Shortly stated, the court found that if the receiver ever made any computation or levied any assessment or gave any notice the evidence didn't disclose that approval thereof had been secured from the Sedgwick county court; that no form or notice of assessment used by the receiver had been offered in evidence; that while oral testimony had been offered to the effect that there were about 2,000 policyholders upon whose policies the court had ordered computations made, assessments levied and notices given, there was no convincing proof submitted showing an assessment actually made upon the defendant's policy, or the exact amount of any purported assessment, or that the required notice had been given defendant. Summarizing, the court said—"It would seem, therefore, that plaintiff has entirely failed to sustain the burden of proof." The trial

court also questioned the validity of the reasons assigned by the district court of Sedgwick county for ordering full assessment by the receiver. However, we predicate nothing upon the trial court's view with reference to the latter question. It would appear—although we need not here decide the point—that the action of the district court of Sedgwick county in ordering the assessment was not subject to collateral attack in this action.

Carefully reviewing the evidence, appellant contends that the trial court was in error in its finding that various material facts essential to right of recovery had not been established. We find quite persuasive a number of appellant's contentions. However, in view of the conclusion hereinafter stated with reference to one issue—which determines the result—no helpful purpose would be served by discussion of all the contentions.

One of the trial court's findings was that the plaintiff had not proved timely notice to the defendant of an assessment and demand for payment. On this issue of fact we cannot, of course, weigh conflicting evidence. The lower court was trier of the facts and its finding must stand unless it clearly appears that the evidence compelled a contrary finding. We briefly note some of the evidence on this point.

Appellant had been an underwriter for the company and after the receiver was appointed he assisted him in various ways, including help in connection with computations, but had no authority to make assessments. He testified that notices were sent to over two thousand policyholders, that the notices were sent in alphabetical order, and that "Mr. Eubank's notice should have been sent out within two or three days after the order" (order of April 2, 1940); that it was sent "between the 4th and 8th." He did not personally prepare or send out a notice to Eubank. His testimony on whether he saw the notice to Eubank is quite confusing. His final answer on that appears to be "No, I wouldn't say that I did." At another point he testified that such a notice was sent. His knowledge, however, appears to be based, in most part if not wholly, upon his knowledge that such notices were being prepared and sent generally to policyholders. Neither the original nor copy of any assessment notices to stockholders was produced. Subpoena *duces tecum* had been issued to the defendant with directions to bring all pertinent letters and documents, and he was called as a witness by the plaintiff. He testified that he had no such notice in his possession and as far as he

knew "never received any paper like it." Appellant lays much stress upon the testimony of appellee that he received "some kind of a letter from them" but couldn't say what it was as he paid no attention to it, didn't know whether he even read it, as he "always let Bales look after my insurance for me" and gave it to Bales. In answer, however, as to whether he had any knowledge of any particular demand ever made upon him for payment of money, he answered "no there was not." We need not review the evidence further. The argument which appellant here makes with reference to appellee's testimony doubtless was made to the trial court which weighed the evidence and was judge of the credibility of witnesses. It is not for us to comment on its persuasiveness. Timely notice of an assessment—definite in amount—and demand for payment was required before the policyholder's liability would attach. We cannot say on the record before us that the evidence required a finding that the condition precedent had been met.

Appellant argues that the defendant's motion for judgment should be treated as a demurrer to plaintiff's evidence, and that so treating it and indulging in his favor all reasonable inferences to be drawn from his evidence the motion should have been overruled. Assuming that the contention is correct and that plaintiff's evidence would stand as against demurrer, where does that lead us? By agreement, the court was still trier of the facts. It would then be in the same position a jury would have been in under a like situation. With all the evidence before it the court found that the plaintiff had not sustained the burden of proof. Judgment for defendant would follow.

The conclusion already stated determines the appeal and makes unnecessary further discussion of the other contentions.

The judgment is affirmed.

PARKER, J., not participating.